**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In Re: In Re: Tiffany Lamberth**

**TIFFANY LAMBERTH,**

        **Appellant,**

v.                                               **Case No: 6:24-cv-490-PGB**

**FOUNTAINS OF MILLENIA IV, LLP,**

        **Appellee.**
_____/

**<u>ORDER</u>**

This cause comes before the Court on *pro se* Appellant Tiffany Lamberth's (the "**Appellant**") document entitled "Stay Pending Appeal," which this Court construes as a Motion for Stay Pending Appeal (Doc. 5 (the "**Motion**")).[1] Therein, Appellant seeks a stay of various bankruptcy court Orders pending the resolution of the instant appeal. (*See id*.). Appellee Fountains of Millenia IV, LLP (the "**Appellee**") has not responded in opposition to the Motion and the time to do so has passed. As such, the matter is ripe for review. Upon due consideration, the Motion will be denied.

---

[1] The Court notes that "pro se pleadings are liberally construed" and courts "look beyond the label of the pleadings to determine whether they are properly characterized." *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021); *see, e.g.*, *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Accordingly, the Court construes the document entitled "Stay Pending Appeal" as a motion requesting such relief. (*See* Doc. 5).

I. **LEGAL STANDARD**

"A stay pending appeal is an 'extraordinary remedy'[.]" *In re Woide*, 730 F. App'x 731, 737 (11th Cir. 2018).[2] The decision regarding whether to grant a stay pending appeal under Federal Rule of Bankruptcy Procedure 8007 is discretionary with the court. *See, e.g.*, *In re White-Lett*, No. 23-10732, 2024 WL 578122, at *2 (11th Cir. Feb. 13, 2024) (reviewing such an order for an abuse of discretion).

"Ordinarily, a party must move first in the bankruptcy court" to obtain a stay pending appeal. FED. R. BANKR. P. 8007(a)(1)(A). A motion for such a stay may be made in the district court where the appeal is pending only if the motion "[s]hows that moving first in the bankruptcy court would be impracticable[.]" FED. R. BANKR. P. 8007(b)(1)–(2). A movant's failure to establish that moving for a stay in the bankruptcy court was "impracticable" is a standalone ground for the district court to deny the motion. *In re White-Lett*, 2024 WL 578122, at *3 (affirming the denial of such a motion on this basis alone); *see also In re Carrington*, No. 23-CV-6430, 2023 WL 6813064, at *2 (S.D.N.Y. Oct. 16, 2023) ("[D]istrict courts routinely dismiss motions for a stay pending appeal when, as here, relief is not first requested from the bankruptcy judge and the failure to do so is not adequately explained." (internal citation and quotation marks omitted)).

Further, a motion for stay pending appeal "must . . . include: (A) the reasons for granting the relief requested and the facts relied upon; (B) affidavits or other

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

sworn statements supporting facts subject to dispute; and (C) relevant parts of the record." FED. R. BANKR. P. 8007(b)(3).

Finally, the motion must establish "(1) a substantial likelihood that [the movant] will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to [the movant] unless the [stay] is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *Id.* (internal citation and quotation marks omitted); *In re Woide*, 730 F. App'x at 737.

## II.   DISCUSSION

The Court finds that, in the instant case, Appellant has not established entitlement to the "extraordinary relief" of a stay pending appeal. *See In re Woide*, 730 F. App'x at 737. Notably, Appellant failed to move for such a stay in the bankruptcy court. (*See* Doc. 5, p. 1). Instead, Appellant argues that so moving would have been impracticable, alluding to a belief that the bankruptcy court would not have rendered a favorable decision or that it would not have ruled fairly. (*See, e.g.*, *id.* at pp. 1–2 (stating that the bankruptcy court had denied Appellant's Motions for Reconsideration, asserting that "the [bankruptcy j]udge stated in open court she did not look at my evidence or motions[,]" and suggesting that "[the] judge is acting in collusion with [the] trustee to avoid penalty to [*sic*] fraud")).

This Court finds that Appellant has not established that it was impracticable to seek such a stay in the bankruptcy court. (*See id.*); FED. R. BANKR. P. 8007(b)(1)–(2). It is not readily apparent how Appellant's stated grounds rendered filing such a motion "impracticable." Further, Appellant cites no legal authority to support the

3

notion that these are adequate grounds to establish that this requirement has been met. (*See* Doc. 5, pp. 1–2).

Additionally, Appellant has failed to include with the Motion either "affidavits or other sworn statements supporting facts subject to dispute" or the "relevant parts of the record." (*See* Doc. 5); FED. R. BANKR. P. 8007(b)(3). Consequently, this Court does not have sworn testimony upon which it could base a ruling for Appellant on the issue of impracticability. (*See* Doc. 5); FED. R. BANKR. P. 8007(b)(3). The Court also lacks sworn testimony upon which it could base a ruling for Appellant regarding the other elements Appellant must establish to show entitlement to a stay pending appeal. (*See* Doc. 5); *In re Woide*, 730 F. App'x at 737. Moreover, Appellant's failure to attach relevant portions of the record makes it difficult for the Court to readily ascertain whether Appellant can establish her entitlement to the requested relief.[3] (*See* Doc. 5); *In re Woide*, 730 F. App'x at 737.

## III.   CONCLUSION

For the aforementioned reasons, Appellant's Motion for Stay Pending Appeal (Doc. 5) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on April 8, 2024.

---

[3]  The Court also notes that at the time the instant Motion was filed, the bankruptcy record on appeal had not yet been transmitted to this Court. (*See* Docs. 5, 6). Moreover, when this record was transmitted seven (7) days after the Motion was filed, it contained the entire bankruptcy court record. (Docs. 6, 6-2). Consequently, the Court could not easily sift through the record on appeal to attempt to ascertain whether the requested relief was warranted, even if the Court was so inclined.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties