UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In Re: Tiffany Lamberth**

**TIFFANY LAMBERTH,**

        **Appellant,**

v.                                           **Case No: 6:24-cv-490-PGB**

**FOUNTAINS OF MILLENIA IV, LLP,**

        **Appellee.**
_____/

## ORDER

This cause comes before the Court on *pro se* Appellant Tiffany Lamberth's ("**Appellant**") filing entitled Motion for Stay Pending Appeal (Doc. 10 (the "**Motion for Reconsideration**")), which this Court construes as a request for reconsideration of its prior Order denying Appellant's initial request for such a stay.[1] (*See* Doc. 8). The Court does not require a response to the Motion for Reconsideration. Upon due consideration, the Motion for Reconsideration will be denied.

---

[1] The Court notes that "pro se pleadings are liberally construed" and courts "look beyond the label of the pleadings to determine whether they are properly characterized." *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021); *see, e.g.*, *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Accordingly, the Court construes the document entitled "Motion for Stay Pending Appeal" as a motion requesting reconsideration of the Court's prior Order denying this relief. (*See* Doc. 8).

I.  **BACKGROUND**

On March 12, 2024, Appellant filed a request that this Court stay several bankruptcy court Orders pending the resolution of the instant appeal. (Doc. 5 (the "**Original Motion for Stay**")). This Court denied the Original Motion for Stay under Federal Rule of Bankruptcy Procedure 8007, finding that two separate grounds warranted this outcome. (Doc. 8). More specifically, the Court found that: (1) Appellant had failed to establish that moving for a stay in the bankruptcy court was impracticable, and (2) Appellant had failed to attach to the request either "affidavits or other sworn statements supporting facts subject to dispute" or the "relevant parts of the record." (*See* Doc. 8 (internal citations omitted)).

The Motion for Reconsideration is identical to the Original Motion for Stay in nearly every respect, except that Appellant has attached exhibits to the Motion for Reconsideration, including a one-page document that is purportedly a sworn statement by Appellant, as well as several records from the bankruptcy court. (*See* Docs. 5, 10, 10-1, 10-2, 10-3).

II.  **LEGAL STANDARD**

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b). *See* FED. R. CIV. P. 59(e), 60(b).

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).[2] It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[3]

## III. DISCUSSION

Here, the Court finds that Appellant has not met the high bar for reconsideration of its Order denying Appellant's Original Motion for Stay. (*See* Doc. 10). In particular, the Court finds that nothing in the Motion for Reconsideration aids Appellant in establishing that moving for a stay in the

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

[3] Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

bankruptcy court was impracticable. (*See id.*); FED. R. BANKR. P. 8007(b). Accordingly, Appellant's Motion for Reconsideration is due to be denied.

## IV. CONCLUSION

For the aforementioned reasons, Appellant's Motion for Reconsideration (Doc. 10) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on April 26, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties