## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**In Re: Tiffany Lamberth**

**TIFFANY LAMBERTH,**

      **Appellant,**

v.                                    Case No: 6:24-cv-490-PGB

**FOUNTAINS OF MILLENIA IV, LLP,**

      **Appellee.**

_____/

## ORDER

This cause is before the Court upon *pro se* Appellant Tiffany Lamberth's ("**Appellant**") Initial Brief. (Doc. 17). Appellee Fountains of Millenia IV, LLP, has not filed a Response Brief, and the time to do so has passed. FED. R. BANKR. P. 8018(a)(2). Upon consideration, the instant bankruptcy appeal is due to be dismissed.

Appellant's Initial Brief is comprised of two pages of bullet points. (Doc. 17, pp. 1–2). These bullet points appear to describe events that occurred in the underlying bankruptcy case, although no dates are provided. (*See id.*). The Initial Brief does not contain any subheadings, a table of contents, a table of authorities, a jurisdictional statement, a statement of the issues presented, the applicable standard of review, a summary of the argument, or a conclusion stating the precise relief sought. (*Id.*); see FED. R. BANKR. P. 8014(a) (requiring these items to be

included in an appellant's brief). Most importantly, Appellant's Initial Brief contains no legal arguments or citations to legal authority. (Doc. 17, pp. 1–2); *see* Fed. R. Bankr. P. 8014(a)(8) (requiring an appellant's brief to include an "argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

"Although we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Walker v. U.S. Bank Nat'l Ass'n*, No. 21-13937, 2022 WL 5237915, at *1 (11th Cir. Oct. 6, 2022)[1] (per curiam) (citing *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008)); *see also Zadeh v. Waage (In re Zadeh)*, 772 F. App'x 837, 838 (11th Cir. 2019) (same). Moreover:

> To 'brief' a claim, a party must 'plainly and prominently' raise it by, for example, devoting a discrete section of her argument to that claim.' *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotations omitted). A claim is abandoned if the appellant only makes passing references to it or raises it in a perfunctory manner without supporting arguments or authority.

*Liebman v. Ocwen Loan Servicing, LLC (In re Liebman)*, 772 F. App'x 839, 840 (11th Cir. 2019); *see also Worrell v. Emigrant Mortg. Co. (In re Worrell)*, 763 F. App'x 905, 906 (11th Cir. 2019) ("A litigant . . . abandons his claim by making only passing references to it or failing to support it with arguments and authority"

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

(citing *Sapuppo*, 739 F.3d at 681)). "These principles do not change if the appellant is *pro se*." *Liebman*, 772 F. App'x at 840 (citation omitted).

Thus, because Appellant's Initial Brief does not contain any legal arguments or authority, her appeal is deemed abandoned, and dismissal of the appeal is warranted. *See, e.g.*, *Walker*, 2022 WL 5237915, at *1 (dismissing bankruptcy appeal after finding it had been abandoned by the debtor-appellants because "[t]heir 58-page initial brief contain[ed] but a single sentence requesting reversal, with no argument or citation to authority"); *Liebman*, 772 F. App'x at 840–41 (finding debtor-appellant had abandoned her appeal because debtor-appellant "did not sufficiently brief the decisive issues" in the initial brief).

For the foregoing reasons, the appeal is **DISMISSED**. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on October 4, 2024.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3